**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNION DE PERIODISTAS, ARTES GRAFICAS Y RAMAS ANEXAS,**<br>    **Plaintiff,**<br><br>         v.<br><br>**THE SAN JUAN STAR COMPANY,**<br>    **Defendant.** | **Civil No. 07-1481 (ADC)** |

## OPINION AND ORDER

Plaintiff, Unión de Periodistas, Artes Gráficas y Ramas Anexas ("plaintiff" or the "Unión"), filed suit against the defendant, the San Juan Star ("defendant" or "San Juan Star"), challenging defendant's decision to outsource the production of the Sunday Edition of the San Juan Star by persons not part of the Unión. **Docket No. 1**. This Court's jurisdiction is invoked pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Defendant moved to dismiss alleging the existence of a valid and enforceable arbitration agreement. **Docket No. 32**. The briefs in support and in opposition having been filed, the motion was referred, under 28 U.S.C. § 636(b)(1), to a Magistrate Judge.

Now before the Court is the Report and Recommendation ("R & R") issued by Magistrate-Judge Bruce J. McGiverin ("Magistrate-Judge") on May 5, 2008, and plaintiff's objection thereto. **Docket Nos. 42, 45**. After examination of the R & R, objection thereto and pleadings on the record, the Court **ADOPTS** the R & R and, thereby, **GRANTS** defendant's motion to dismiss the complaint. **Docket No. 32**.

**I.    Procedural Posture**

Plaintiff's complaint sough temporary, preliminary and permanent injunctions against defendant so as to prevent it from outsourcing the production of the Sunday Edition of the San Juan Star, pending arbitration pursuant to the Collective Bargaining Agreement ("CBA") that exists between the parties. The Court denied plaintiff's request for a temporary restraining order on June 8, 2007, based, in part, on the fact that plaintiff had failed to commence arbitration proceedings. **Docket No. 2**, at 2 ¶ 1. On October 26, 2007, the parties

stipulated that the alleged outsourcing of the production of the San Juan Star would be discontinued and that plaintiff's request for a preliminary injunction would be withdrawn. **Docket No. 21**. On February 6, 2008, after settlement negotiations proved futile, defendant moved to dismiss the complaint, with costs and reasonable attorney's fees in its favor,[1] on the basis that arbitration was the proper forum to resolve the dispute between the parties as the CBA clearly governs the same. **Docket No. 32**. Plaintiff filed a response in which it maintained that it is properly before the Court, despite its obligation to arbitrate, because the CBA does not authorize the arbitrator to award damages,[2] which is considered the "adequate remedy for the claim at hand." *Id*.

The Magistrate-Judge, recommends granting defendant's motion to dismiss on the basis that plaintiff's claims clearly arise under the CBA and, therefore, this Court lacks jurisdiction over the matter. *See* **Docket No. 42**, at 7 ¶ 3. Plaintiff's objection does not oppose the findings that undergird the Magistrate-Judge's recommendation, but requests that the Court stay the present proceedings pending the resolution of the issues raised through arbitration. Though the R & R acknowledges plaintiff's request for a stay, the Report and Recommendation does not address this issue. *See Id.*, at 2 ¶ 1. The Court, in adopting the R & R, addresses this issue inasmuch as the Magistrate-Judge makes no recommendation in regard to it.

**II.**    **Standards of Review**

      **A.**    **Standard of Review Applicable to a Magistrate-Judge's Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and

---

[1] Defendant's entire argument for attorney's fees and costs constitutes less than one sentence. As such, the Court will not address it since this issue is more properly adjudicated when accompanied by developed argumentation. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

[2] It should be noted that in the complaint plaintiff does not assert that it is entitled to damages. This claim is only raised in its opposition to the motion to dismiss. *See* **Docket No. 39**.

recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten days of being served with the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *See Santiago v. Cannon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Similarly, a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate-judge. *Borden v. Sec. of Health and Human Svcs.*, 836 F.2d 4, 6 (1st Cir. 1987).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the Court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### III. Analysis

#### A. Stay Proceedings Pending Arbitration

Plaintiff requests that instead of dismissing the case for lack of jurisdiction, that the Court stay the instant action until an arbitration award is issued. The Court declines to do so.

The legal basis upon which plaintiff relies is the Federal Arbitration Act, 9 U.S.C. §§

1-16 ("FAA").³ Specifically, Section 3 of the FAA provides that if a suit is brought on the merits of a dispute covered by an arbitration agreement: "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.  However, this mandate is conditioned upon "the applicant for the stay" not being the party "in default in proceeding with such arbitration." *Id*.  A party is "in default" in proceeding with arbitration when it chooses to sue on the merits of a claim for damages, instead of proceeding to arbitration, where doing so is inconsistent with arbitration. *Middlesex County v. Gevyn Const. Corp.*, 450 F.2d 53, 56 (1st Cir. 1971) ("[P]ursuit of [a] legal remedy inconsistent with arbitration, [is] the "default" situation contemplated in 9 U.S.C. § 3.") (*citing Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir. 1968)).

Here, though plaintiff recognized its obligation to do so, it asserts that it did not proceed to arbitration because the arbitrator was not empowered to provide the legal remedy of damages.⁴  Whatever the merits of this assertion, or lack thereof, once plaintiff's petition for temporary and preliminary injunction were denied it had an obligation to proceed utilizing the arbitration process. *Middlesex County*, 450 F.2d at 55 (*citing Prima Paint v. Flood & Conklin*, 388 U.S. 395 (1967)).  If, instead, it chose to proceed further and enforce a claim for damages in this Court, it was, itself, the party "in default" and is not entitled to a stay. *Middlesex County*, 450 F.2d at 56.

Therefore, plaintiff's motion to stay the present proceedings is denied.

---

³ The FAA was enacted as 68 Cong. Ch. 213, February 12, 1925, 43 Stat. 883 (codified as amended at 9 U.S.C. §§ 1-16 (1988 & Supp. V 1993)).  The Act was originally cited to as the United States Arbitration Act.  Today it is more commonly referred to as the Federal Arbitration Act.

⁴ The R & R provides a thorough analysis of the deficiencies of plaintiff's theories with regard to this claim.  Since neither the parties nor the Court finds any fault in said analysis the Court adopts by reference the Magistrate Judge's analysis and will not address this matter further. *See Hernández-Mejías*, 428 F. Supp. 2d at 6.

**VI.     Conclusion**

After considering the Magistrate-Judge's Report and Recommendation, plaintiff's objection thereto and the pleadings on the record, the Court, hereby, **ADOPTS** the R & R with the additions embodied herein.  **Docket No. 42**.  Accordingly, defendant's motion to dismiss the complaint (**Docket No. 32**) is **GRANTED**.

The Clerk of the Court is ordered to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of August, 2008.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**